# Matthews *v.* The State.

*Assault With Intent to Murder.*

(Decided Feb. 6, 1912.  58 South. 93.)

*Appeal; Judgment; Correction.*—Where the prosecution was for assault with intent to murder, and the jury returned a verdict finding the defendant guilty, and assessing a fine of $125, this was tantamount to an acquittal of the higher offense charged, and hence, a judgment on the verdict pronouncing the defendant guilty of an assault with intent to murder, and taking a confession of judgment for the fine and costs, was only erroneous in its pronouncement of the grade of the offence as to which the defendant had been found guilty, and hence, can be corrected and will be corrected on appeal, so as to conform to the verdict of the jury.  The judgment was not void for lack of jurisdiction.

APPEAL from Madison Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Elijah Matthews was convicted of an assault and battery, and he appeals.  Corrected and affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  The verdict showed a conviction of assault and battery, and hence, the judgment was not based upon the verdict, and is improper, and will not support an appeal.—*Ayers v. The State,* 71 Ala. 11; *Campbell v. The State,* 123 Ala. 72; *Bridges v. The State,* 124 Ala. 90; *Marks v. The State,* 131 Ala. 44.

PELHAM, J.—The appeal in this case is before us on the record.  The judgment entry shows the defendant was arraigned on an indictment charging him with an assault with intent to murder, to which he pleaded not guilty.  The jury before whom the defendant was

tried found him guilty, and fixed his fine at $125. This was a finding by the jury of the guilt of the defendant of an assault and battery, and an acquittal of the higher grade of offense included in the indictment. The court upon this verdict entered a judgment ascertaining the defendant guilty of an assault with intent to murder, but did not impose a sentence. The defendant confessed judgment for the fine assessed by the jury and costs of the prosecution.

The judgment rendered by the court is a legal judgment, in the sense that it is within the jurisdiction of the court and as referable to the indictment; but the grade of guilt pronounced is unauthorized by the verdict of the jury. It is plain enough, from the indictment, verdict, and confession of judgment, that the judgment of guilt pronounced by the court is only erroneous, in not adjudging the defendant guilty of an assault and battery, to correspond with the jury's finding of guilt; and as a judgment of conviction has been entered, and the fine and costs confessed, the erroneous ascertainment of the grade of guilt found by the judgment will be here corrected, and, as corrected, the judgment will be affirmed.

Corrected and affirmed.